UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE MOUSSOURIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 16-mc-80170-MEJ<br><br>**ORDER RE: MOTION TO QUASH THIRD PARTY SUBPOENAS AND ASSOCIATED DOCUMENTS AND/OR FOR PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 1, 4, 11, 16, 25, 26 |

## INTRODUCTION

Plaintiff Katherine Moussouris ("Moussouris") sued Defendant Microsoft Corp. ("Microsoft") on behalf of a proposed class in *Moussouris et al. v. Microsoft Corp.*, 2:15-cv-01483-JLR, pending in the Western District of Washington (the "Underlying Action"). The Underlying Action alleges, among other things, that Microsoft violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq., by discriminating against female employees in technical and engineering roles. The matter is now before this Court because Moussouris has moved to quash Microsoft's subpoenas to three of her prior employers, all of whom reside in this District. Mot., Dkt. No. 1. The Court ordered the parties to meet and confer regarding the Motion. Order, Dkt. No. 20. The parties successfully narrowed their dispute but ask the Court to resolve several outstanding issues. Joint Status Report ("Jt. Rept."), Dkt. No. 26. This Order resolves those outstanding disputes as well as the parties' related administrative motions.

## MOTIONS TO SEAL

Northern District of California Civil Local Rule 79-5(b) permits parties to file under seal documents, or portions thereof, that are shown to be "privileged, protectable as a trade secret or otherwise entitled to protection under the law." The request to "must be narrowly tailored to seek

sealing only of sealable material." *Id.* Where the motion at issue is tangentially related to the underlying cause of action, the party seeking to seal information need only show there is "good cause" to seal the information "'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)). The parties here agree the motion to quash is tangentially related to the underlying action and urge the Court to apply to good cause standard. *See* Pl.'s First Sealing Mot. at 1, Dkt. No. 4; Def.'s Sealing Mot. at 3, Dkt. No. 11. Additionally, under Civil Local Rule 79-5, a party filing documents under seal may indicate that it has done so because another party designated certain documents or portions thereof as confidential, in which case it is up to the party that seeks the information to remain confidential to come forward with a declaration establishing the information is sealable. *See* Civ. L.R. 79-5(e).

The parties have filed four motions to seal, which the Court addresses in turn.

**A.   Moussouris' First Motion to Seal**

Moussouris moves to seal Exhibit E to the Declaration of Katrina Eiland. *See* Pl.'s First Sealing Mot.; First Eiland Decl., Ex. E, Dkt. No. 7. Exhibit E consists of approximately fifteen pages from the transcript of Moussouris' deposition, which has been designated as confidential by Moussouris and highly confidential by Microsoft. Pl.'s First Sealing Mot. at 1. Microsoft did not submit a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable[,]" as required by Local Rule 79-5. As to Moussouris' request, the Court finds it is not narrowly tailored to seek the sealing only of sealable material; the majority of the exhibit describes at a relatively high level of generality the interview process Plaintiff experienced at HackerOne, her compensation and benefits at HackerOne and Microsoft, the evolution of her role with HackerOne, the process she went through to obtain permission from Microsoft to be an advisor at HackerOne while still employed by Microsoft. With the exception of the sensitive financial information stated at 19:9, 20:2, 20:8, the Court finds there is not good cause to seal the remainder of the exhibit as it does not contain privileged information, trade secrets, or information likely to cause any party annoyance, embarrassment, oppression, or undue burden or expense.

**B.     Microsoft's Motion to Seal**

Microsoft moves to seal portions or the entirety of six exhibits to the Declaration of Lauri Damrell and portions of its Opposition to the Motion.  *See* Def.'s Seal. Mot.; Damrell Decl., Dkt. No. 11-1; Opp'n (corrected), Dkt. No. 24.   They are:

- o   Opposition at 2:2-3, 2:7-9, 3:26-4:7, 4:10-16, 7:21-8:9, 8:13, 12:16-10;
- o   Exhibit C, which includes excerpts from the deposition of Plaintiff Dana Piermarini;
- o   Exhibit D, which includes excerpts from Moussouris' deposition;
- o   Exhibit E, which is the employment agreement between HackerOne and Moussouris;
- o   Exhibit K, which is a 2014 performance review for Moussouris;
- o   Exhibit L, which is Moussouris' 2007 employment application to Microsoft; and
- o   Exhibit M, which is Piermarini's 2006 employment application to Microsoft.

Microsoft argues Exhibit K should be filed under seal because it contains confidential information regarding customers, strategies, products, and information that is "highly sensitive as it could inform competitors regarding Microsoft's business strategies."  Def.'s Seal. Mot. at 3.  Microsoft moved to seal the other exhibits or portions of those exhibits because Moussouris had designated the information contained in those exhibits as confidential.  *Id*.; *but see* Second Eiland Decl. ¶ 4, Dkt. No. 15 (indicating Moussouris only designated Exhibits D and E as confidential and that remaining exhibits were designated as such by Microsoft).  Moussouris submitted the required declaration supporting Microsoft's motion to seal Exhibits D, E, K, L, and M, and did not address Exhibit C.  *See* Second Eiland Decl.  The Court has reviewed the documents and rules as follows:

| Document | Ruling |
|---|---|
| Ex. C | No good cause to seal portions of exhibit designated as confidential (pages 216-218).  Motion denied. |
| Ex. D | No good cause to seal majority of exhibit.  Motion is not "narrowly tailored."  *See* Civ. L.R. 79-5(b).  Motion granted as to 19:9, 20:2, 20:8, 22:13 as these portions of the deposition contain sensitive financial information; otherwise denied. |

3

| | |
|---|---|
| Ex. E | No good cause to seal majority of exhibit. Employer agreement does not indicate it is confidential. Motion granted as to paragraphs 2, 4, and 7-9 as they contain sensitive financial information; otherwise denied without prejudice to submitting supplemental declaration supporting sealing within 4 days of the date of this order. |
| Ex. K | Neither party explains how information regarding "core priorities" from March 2014 or publications, public speaking, and outreach activities looking back from that date could inform competitors about Microsoft's business strategies in October 2016. Motion denied without prejudice to submitting supplemental declaration supporting sealing within 4 days of the date of this order. |
| Ex. L | Granted as to personal contact and salary information; supervisor names and contact information; reference names and contact information; otherwise denied. |
| Ex. M | Granted as to personal contact and salary information; supervisor names and contact information; reference names and contact information; otherwise denied. |
| Redactions to Opposition (corrected) | Denied. None of these passages refer to trade secrets or privileged information; none are likely to subject the parties to annoyance, embarrassment, oppression, or undue burden or expense; all pertain to issues the parties have addressed generally in their publicly-filed briefs. |

**C.     Moussouris' Second Motion to Seal**

Moussouris also moves to seal portions or the entirety of Exhibits K and O to the Reply Reply Declaration of Katrina Eiland (Third Eiland Decl., Dkt. No. 18), and one paragraph of its Reply in support of the Motion (Reply at 12, Dkt. No. 17).  *See* Pl.'s Second Sealing Mot., Dkt. No. 16.  Exhibit K consists of four pages excerpted from Moussouris' deposition transcript (pp. 57-59, 285), which were already attached as Exhibit E to the First Declaration of Katrina Eiland (Dkt. No. 7).  Exhibit O contains redacted Notices of Violation issued by the Office of Federal Contract Compliance Programs of the United States Department of Labor.  Third Eiland Decl., Ex. K; Dkt. No. 18-11.  Microsoft filed the required declaration in support of the motion to seal Exhibit O.  *See* Perry Decl., Dkt. No. 21.

The Court already articulated why it finds no good cause to seal these pages from the Moussouris deposition transcript, and therefore denies the request to seal Exhibit K.  Microsoft seeks to seal Exhibit O because the non-public document includes "sensitive company information, including information pertaining to employment structure and statistics, promotion

1  protocols, average employee compensation, and stock award data.  How Microsoft provides for
2  employee advancement and compensation is a critical component of its businesses' success."
3  Perry Decl. ¶ 9.  The Court has reviewed the document and finds it does not appear to reflect
4  specifics about Microsoft's practices but rather observes discrepancies in how those practices
5  impact employees of different genders.  As such, the Court does not find there is good cause to
6  seal the majority of the document; the Court does find good cause to seal footnote 11 on page
7  0065727 and footnote 12 on page 0065707 as these portions of the document contain sensitive
8  financial information.

        Finally, the Court also finds no good cause to seal the paragraph on page 12 of the Reply.

### D. Moussouris' Third Motion to Seal

Moussouris moves to file under seal portions of the Joint Status Report.  *See* Pl.'s Third Sealing Mot., Dkt. No. 26; *see also* Jt. Rptr.  The Court finds no good cause to seal any portions of the document, as none of the redactions pertain to trade secrets, privilege information, or information that is likely to embarrass, annoy, or oppress the parties.

### E. Civil Local Rule 79-5(f)(3)

The Court has denied in part and granted in part the parties' motions to seal.  Pursuant to Civil Local Rule 79-5(f)(3), the documents that parties requested be sealed "will not be considered by the Court unless the Submitting Party files a revised redacted version of the document which comports with the Court's order within 7 days after the motion is denied."  The parties shall file revised versions of appropriate documents as required by the Local Rules, and clearly indicate in the ECF docket the documents that are being replaced by the revisions.  Should the parties ask this Court to resolve additional discovery disputes, they should consider relying on detailed declarations by counsel rather than providing this type of supporting documentation.

**MOTION TO REMOVE INCORRECTLY FILED DOCUMENT**

Microsoft moves to remove a document it incorrectly filed (Dkt. No. 12) from the ECF docket.  Admin. Mot., Dkt. No. 25.  Moussouris did not object.  The Court GRANTS the motion; the Clerk shall strike Dkt. No. 12 from the ECF docket.

# MOTION TO QUASH

Through the meet and confer process, the parties successfully narrowed the scope of their disputes briefed in relation to Plaintiff's Motion to Quash and/or Motion for a Protective Order.[1] The Court accordingly decides only the remaining issues as framed in the parties' Joint Report.

## A.     Legal Standard

A party may serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). The scope of discovery a party may obtain through a subpoena is the same as that applicable under Federal Rule of Civil Procedure 26(b). *See Garedakis v. Brentwood Union Sch. Dist.*, 2016 WL 1133715, at *1 (N.D. Cal. Mar. 23, 2016) (citing advisory committee note to 1970 amendment of Rule 45). As such, a party may subpoena only information that is relevant to the claims and defenses in the action, and is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

## B.     Subpoenas to Oracle and Symantec

Initially, Microsoft sought to subpoena documents for Moussouris' former employers Oracle Corporation and Symantec Corporation; however, the parties have agreed that Microsoft will not seek documents from these third parties at this time but may renew its request after the class certification determination in the Underlying Action. Jt. Rept. at 1. Nonetheless, the parties disagree about how the Court should decide Plaintiff's Motion at this point (e.g., whether to grant or deny the Motion or hold it in abeyance).

Because the Motion to Quash as to Oracle and Symantec presently is moot, the Court will **DENY** it at this juncture **WITHOUT PREJUDICE**. Microsoft will inform these third parties

---

[1] The Court resolves the dispute by ruling on the Motion to Quash, and does not need to reach the merits of the Motion for Protective Order.

that they need not comply with the subpoenas at this juncture and provide them with a copy of this Order. If Microsoft decides to revisit the issue after class certification, it shall promptly inform Plaintiffs of its decision, and the parties shall meet and confer anew regarding the scope of the subpoenas. If the parties cannot agree to the scope of the subpoenas at that time, Plaintiffs shall file a notice reopening their Motion to Quash, the parties shall file a second Joint Status Report in this case, and the Court may order additional briefing as necessary.

**C.    Subpoena to HackerOne**

Microsoft requests documents from another one of Plaintiff's former employers, HackerOne, Inc. Jt. Rept. at 2. Specifically, it seeks documents relating to two broad topics: (1) documents related to Moussouris' employment performance at HackerOne after she left Microsoft, and (2) documents relating to Moussouris' efforts to mitigate her damages. *Id*.

1.    Employment Performance at HackerOne

Moussouris previously produced to Microsoft (1) her employment agreement with HackerOne, and (2) all correspondence on her HackerOne email account that discussed her employment at, or lawsuit against, Microsoft. Microsoft argues this production is insufficient, and that HackerOne may be in possession of relevant documents Plaintiff does not have access to. Specifically, Microsoft believes HackerOne may have documents that reveal Moussouris lacked certain job skills, which Microsoft contends supports its defense that it fired her for performance reasons, not because of her gender. Jt. Rept. at 4-6. But Microsoft is best-placed to have evidence regarding Moussouris' work-related performance during the period relevant in this employment discrimination action—her employment at Microsoft. To the extent Moussouris' performance with any other employer is relevant, the cases Microsoft cites all address the potential relevance of a plaintiff's performance with *former* employers (Opp'n at 8-9), not subsequent employers such as HackerOne. The Court finds Moussouris' performance at HackerOne is not relevant to her performance when she was earlier employed by Microsoft, and that any marginal relevance her post-Microsoft performance might have is outweighed by proportionality concerns. *See* Fed. R. Civ. P. 26(b)(1).

//

### 2. Efforts to Mitigate Damages

At this juncture, Microsoft no longer seeks wage information from HackerOne, but seeks two categories of documents related to mitigation of damages: (1) information about the fringe benefits HackerOne offered to Moussouris; and (2) information about Moussouris' departure from HackerOne. While mitigation evidence may be relevant, Microsoft is not entitled to discover the information it seeks from HackerOne here. Jt. Rept. at 2, 6-10.

Moussouris represents she "is only seeking lost salary, bonuses, stock grants, and the benefit of the employee stock purchase plan, i.e., compensation in the form of stock." Jt. Rept. at 7. She represents HackerOne did not have a bonus plan, and she has produced information regarding stock grants from HackerOne. *Id*. She "disclaims any entitlement to lost fringe benefits, such as health or life insurance or vacation pay," but nonetheless agrees to produce non-duplicative records in her custody sufficient to reflect her vacation day benefits, life insurance, and health plan at HackerOne. *Id*. If Moussouris has not already done so, she shall produce this information within two weeks of the date of this Order.

As to the request for additional information about fringe benefits, the cases Microsoft cites for the proposition that this information is still discoverable even where a plaintiff has disclaimed their entitlement are not on-point. *See* Joint Stmt. at 9-10 (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999) (merely listing the "variety of different types of damages" an "employee who brings a discrimination lawsuit may allege"); *Stratton v. Dep't for the Aging for the City of N.Y.*, 132 F.3d 869, 882 (2d Cir. 1997) (jury awarded additional 35% of salary to compensate plaintiff for lost fringe benefits based on "rule of thumb" that the value of fringe benefits was 35% of salary); *Koyen v. Consol. Edison Co. of N.Y.*, 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983) (awarding plaintiff additional damages to those awarded by jury for back pay to account for anticipated salary increases that are "a normal incident of the way of life in the industrial and commercial world.")). None of these cases stand for the proposition that fringe benefit information is still discoverable under the circumstances of this case.

Finally, Microsoft seeks information about the circumstances surrounding Moussouris' departure from HackerOne but concedes "the evidence indicates [Moussouris] was involuntarily

terminated" by HackerOne. *See* Jt. Rept. at 5, 10. Microsoft does not explain how an employee's *involuntary* departure would be relevant to mitigation. *Cf.* Opp'n at 11 (mitigation "analysis considers, for example, whether the individual diligently sought equivalent work or quit alternative employment without good reason."). Plaintiff now has produced her employment contract with HackerOne, W-2s for 2014 and 2015, and year-to-date paystubs for 2016. *See* First Eiland Decl. ¶¶ 11-12; Jt. Rept. at 6. Microsoft does not represent that those documents show Moussouris' position at HackerOne was not substantially equivalent to her position at Microsoft. Microsoft also cites no authority for the proposition that under these circumstances it is entitled to "details concerning Moussouris' negotiations with HackerOne and efforts she made to secure the maximum income and benefits." Jt. Rept. at 6. In any event, the Court finds evidence relating to mitigation premature given the parties' agreement in the Underlying Action to defer damages discovery until after a ruling on class certification. *See* Reply at 7 (quoting Third Eiland Decl., Ex. A (Rept. at 2), Dkt. No. 18-1).

The Court accordingly grants the Motion to Quash with respect to mitigation documents, without prejudice to Microsoft propounding a new, narrowly-tailored subpoena seeking mitigation-related documents from HackerOne after the Court in the Underlying Action rules on class certification.

## CONCLUSION

As outlined above, the Court accordingly **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Quash. The Court also grants in part and denies in part the parties' motions to seal.

**IT IS SO ORDERED.**

Dated: October 7, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge